IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TIMOTHY LEE YORK §<br>§<br>Petitioner, §<br>§<br>VS. §<br>§<br>FEDERAL BUREAU OF PRISONS §<br>§<br>Respondent. § | NO. 3-10-CV-1041-B |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Timothy Lee York, a federal prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated herein, the application should be denied.

I.

Petitioner is serving a 497-month sentence for arson, carrying a destructive device in relation to a crime of violence, and possessing an unregistered firearm. While awaiting trial on those charges, petitioner was involved in an altercation with another detainee at the Federal Detention Center in Seagoville, Texas. Following a disciplinary hearing on March 13, 2009, petitioner was found guilty of assaulting the other detainee. As punishment, petitioner lost phone, visitation, and commissary privileges for 270 days, and was placed in administrative segregation for 30 days. Petitioner alleges that he exhausted his available administrative remedies before filing this action in federal district court.[1]

---

[1] The court questions whether petitioner has taken all steps necessary to exhaust his administrative remedies under BOP regulations. (*See* Mag. J. Interrog. #1). Nevertheless, because a federal court may deny habeas relief even if a prisoner fails to exhaust administrative remedies, the court will address petitioner's claims on the merits. *See Garces v. Federal Bureau of Prisons*, No. 3-06-CV-0546-H, 2006 WL 3516026 at *2 (N.D. Tex. Dec. 5, 2006).

II.

In three related grounds, petitioner contends that he was denied due process at his disciplinary hearing because the hearing officer rejected his defenses of entrapment, self-defense, and mental illness or defect. To establish a due process violation, petitioner must first demonstrate that the disciplinary action resulted in a sanction that implicates a "liberty interest." A liberty interest may be created either under the Due Process Clause of the Fifth Amendment to the United States Constitution or by statute. *See Richardson v. Joslin*, 501 F.3d 415, 419 (5th Cir. 2007) (citing cases). In the prison context, the Due Process Clause creates a liberty interest in punishment that is not "qualitatively different from the punishment characteristically suffered by a person convicted of crime." *Id., quoting Sandin v. Conner*, 515 U.S. 472, 479 n.4, 115 S.Ct. 2293, 2297 n.4, 132 L.Ed.2d 418 (1995) (internal quotations omitted). "So long . . . as the punishment is within the normal limits or range of custody which the conviction has authorized the State to impose, there is no violation of a protected liberty interest conferred by the Due Process Clause." *Id.* (citations and internal quotations omitted).[2]

Where the Due Process Clause does not create a liberty interest, the government can create one by statute. *Id.* A statute may create a liberty interest that is "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id., quoting Sandin*, 115 S.Ct. at 2300. The hallmark of a statute that does not create a liberty interest is discretion. As the Fifth Circuit observed in *Richardson*:

---

[2] Examples of punishment that implicate a constitutionally protected liberty interest are the involuntary transfer of a prisoner to a mental hospital for treatment and the involuntary administration of psychotropic drugs to a mentally ill prisoner. *See Vitek v. Jones*, 445 U.S. 480, 493-94, 100 S.Ct. 1254, 1264, 63 L.Ed.2d 552 (1980).

> Where the statute grants the prison administration discretion, the government has conferred no right on the inmate. Thus, a protected liberty interest exists only when a regulation uses mandatory language to place a substantive limit on official discretion. A unilateral expectation of certain treatment is insufficient; a prisoner must have a legitimate claim of entitlement to it.

*Id.* (citations and internal quotations omitted).

Here, petitioner was sanctioned by a temporary loss of phone, visitation, and commissary privileges, and by placement in administrative segregation. None of those sanctions affect the fact or duration of his confinement or impose an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin*, 115 S.Ct. at 2300 (refusing to recognize liberty interest in administrative segregation); *see also Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (commissary and cell restrictions are merely changes in conditions of confinement and do not implicate due process concerns); *Richardson v. Johnson*, No. 3-01-CV-0545-D, 2001 WL 360843 at *1 n.1 (N.D. Tex. Apr. 5, 2001) (same as to phone-privilege restrictions). Without a constitutionally protected liberty interest, there can be no due process violation.[3]

### RECOMMENDATION

Petitioner's application for writ of habeas corpus should be summarily denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

---

[3] To the extent petitioner argues that his custody level will be increased because of the disciplinary infraction, which may affect his eligibility for placement in a halfway house, (*see* Hab. Pet. at 5), that claim also fails to implicate a liberty interest. *See Luken v. Scott*, 71 F.3d 192, 193-94 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 1690 (1996) (change in custody status, without more, does not constitute a deprivation of a constitutionally cognizable liberty interest).

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 18, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE